UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/08
```

------------------------------------------------------------x

DONALD CAPOCCIA,

                Plaintiff,

-against-

ROBERTO YANEZ SANCHEZ,

                Defendant.

------------------------------------------------------------x

07 Civ. 3422 (RJH)

**ORDER**

      By Order dated May 19, 2008, this action was dismissed without prejudice for failure to prosecute, after Plaintiff submitted two deficient applications for default judgment in 2007, then failed to submit a new application for almost nine months and did not respond to a phone inquiry from the Court in April 2008 regarding the status of the case.

      The Court has received a letter dated September 11, 2008 from Plaintiff's counsel Stuart Mack, requesting that the Court reopen this action to permit Plaintiff to submit another application for default judgment. In the letter, Mr. Mack states that in April 2008 he decided to "hold the default judgment in abeyance" based on representations from Defendant's counsel that doing so might ease tensions between the parties and allow them to "get on with their lives." Contrary to Mr. Mack's representations, the Court was never informed of this decision. As noted in the May 19, 2008 Order, the Court contacted Plaintiff's counsel on April 7, 2008 and left a message inquiring whether Plaintiff still intended to file for default judgment. Plaintiff's counsel did not respond.

Because the Court is reluctant to punish Plaintiff for his counsel's conduct, the Court grants Plaintiff's request to reopen this action. Plaintiff is ordered to submit a new application for default judgment by October 3, 2008. Plaintiff's application must comply with the Default Judgment Procedure set forth in this Court's Individual Practices. A copy of the Default Judgment Procedure is attached to this Order.

Any future communication between Plaintiff's counsel and the Court must be made in writing.

Dated: New York, New York
       September 17, 2008

SO ORDERED.

_____
Richard J. Holwell
United States District Judge

## DEFAULT JUDGMENT PROCEDURE

A. **Applications.** Applications for default judgments must comply with Local Civil Rule 55.1 and 55.2 and <u>must provide reasonable notice</u> to the party against whom default shall be entered by:
    i. First-class mail or courier, if the party is domestic;
    ii. Courier, if the party is international; or
    iii. Any method authorized by Rule 4 of the Federal Rules of Civil Procedure.

Applications will not be accepted absent the following:
    i. An affidavit setting forth:
        a. A description of the nature of the claim;
        b. The basis for subject matter jurisdiction over the action;
        c. The basis for personal jurisdiction over the defendant;
        d. A representation that defendant is not an infant or an incompetent; and
        e. A representation that notice has been provided in accordance with the requirements set forth above;
    ii. A certificate of default stating that the defendant was properly served with the complaint and failed to answer/appear, signed and stamped by the Clerk of the Court. (If the defendant did appear in the action, the plaintiff must submit an affidavit representing that the defendant has notice of the application for default);
    iii. An affidavit setting forth reasonable attorneys' fees and showing that attorneys' fees are recoverable;
    iv. A copy of the complaint; and
    v. A proposed form of default judgment.

B. **Damages.** If the plaintiff seeks an award of damages in the motion for default judgment, the plaintiff must also include:
    i. A request for an amount equal to or less than the principal amount demanded in the Complaint;
    ii. Definitive information and documentation such that the amount provided for in the proposed judgment can be calculated. (If this requirement cannot be satisfied, a default judgment may be granted as to liability, and damages will be determined by an inquest);
    iii. An affidavit representing that no part of the judgment sought has been paid, other than as indicated in the motion;
    iv. A request for interest on the principal amount not to exceed 9%, if interest is sought; and
    v. The calculations made in arriving at the proposed judgment amount.